IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARRY A. WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-3211 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                                                            APRIL 13, 2012

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response and plaintiff's reply thereto (Doc. Nos. 9 & 11), I make the following findings and reach the following conclusions:

      1.    On October 31, 2008, Garry A. Wright protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of August 15, 2007. (Tr. 125-46). Throughout the administrative process, including a hearing held on December 1, 2009, before an ALJ, Wright's claims were denied. (Tr. 16-25, 26-48, 57-60). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Wright filed his complaint in this court on May 18, 2011. (Tr. 1-5; Doc. No. 3).

      2.    In his March 6, 2010, decision, the ALJ concluded, *inter alia*, that: (1) Wright had severe status post knee replacement, depression, and cervical degenerative disc disease; (2) his impairments did not meet or equal a listing; (3) he had the residual functional capacity ("RFC") to perform unskilled light work with limited left arm usage, no prolonged stooping, no exposure to unprotected heights or hazardous machinery, and little to no interaction with the public; (4) there were jobs existing in significant numbers in the national economy that he could perform; and (5) Wright was not disabled. (Tr. 18 Finding 3, Tr. 19 Finding 4, 21 Finding 5, 24 Finding 10, 25 Finding 11).

      3.    This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Wright raises three arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon independent consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A. First, Wright alleges that the ALJ erred in finding that he could perform limited light work and that the ALJ should have restricted him to sedentary work. Specifically, Wright contends that the ALJ's RFC determination was inconsistent with the February 3, 2009, RFC opinion of the state agency physician, Michael H. Borek, that Wright could stand or walk, with normal breaks, for at least two hours each workday.[1] (Tr. 410). The RFC determination is an administrative finding reserved to the ALJ and no special significance will be given to the source of such an opinion. 20 C.F.R. § 404.1527(d), 416.927(d). Therefore, the ALJ was not required to accept Dr. Borek's opinion to the extent that it conflicted with the ALJ's RFC assessment.

After disclosing Wright's RFC, the ALJ recounted the medical evidence regarding Wright's knee impairment including the records showing that he was doing well after the replacement surgery and his testimony regarding his activities of daily living. (Tr. 21-23). The ALJ then specifically stated that he was giving moderate (rather than great) weight to Dr. Borek's opinion. (Tr. 23). A review of the evidence discloses why the ALJ did not fully accept Dr. Borek's opinion as it reveals that Wright was significantly better after his knee replacement, was able to control his pain with ibuprofen, and was capable of significant activities of daily living. (Tr. 32, 39, 193-97, 292, 385-87, 390, 466, 478-530). As a result, I conclude that the ALJ did not err in finding that Wright could engage in a limited range of light work. I further find that the ALJ provided a sufficient explanation for his RFC assessment and for his decision to give Dr. Borek's opinion moderate weight. See Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 93 (3d Cir. 2007) (concluding that "[a]n ALJ must provide a sufficient framework of reasoning for a court to conduct 'meaningful judicial review' of the ALJ's decision").

B. Second, Wright contends that the ALJ failed to state how often he could stand and walk during a workday. While the ALJ did not specifically delineate the maximum amount of walking and standing that Wright could perform each workday, he did find that Wright could perform light work, which would require Wright to stand and walk, off and on, for a total of approximately six hours.[2] SSR 83-10. Therefore, the ALJ did adequately divulge

---

[1] The full range of light work requires standing or walking, off and on, for a total of approximately six hours per workday. SSR 83-10.

[2] The ALJ did neglect to specifically use the words "light work" in his RFC finding. (Tr. 21 Finding 5). However it is readily evident from the rest of the decision that the ALJ concluded that Wright could perform a limited range of light work. See (Tr. 23 (finding that Wright could perform "a limited range of 'light' work with the additional limitations incorporated by the [RFC]"), 24 (concluding that Wright's ability to perform the full range of light work had been impeded by additional limitations)). At most, the ALJ's failure to actually use the words "light

his opinion regarding Wright's ability to stand and walk, and Wright's argument to the contrary must fail.[3]

    C. Third, Wright contends that the ALJ failed to follow SSR 83-12. This argument is only relevant if, as Wright argues, the ALJ had meant to assign Wright an RFC for light work limited by, *inter alia*, the inability to sit for more than two hours per workday and walk for more than two hours per workday.[4] As discussed above, there is no evidence that the ALJ intended to so limit Wright.  The ALJ specifically stated that Wright's ability to perform light work was limited by the "additional limitations incorporated by the residual functional capacity." (Tr. 23).  These additional limitations were:  (1) minimal use of the left arm; (2) no prolonged stooping or exposure to unprotected heights or hazardous machinery; (3) only simple, routine and unskilled work activities; and (4) little to no interaction with the public.  (Tr. 21 Finding 5).  The ALJ did not mention any further limitation in the RFC assessment regarding walking and sitting, other than the limits implied by the light work definition (the ability to stand or walk, off and on, for a total of approximately six hours per workday).  Therefore, it is clear that the ALJ concluded that Wright had the capability to stand and walk required by the full range of light work, making SSR 83-12 inapplicable to Wright's case.

    5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Wright was not disabled was legally sufficient and supported by substantial evidence.  As a result, Wright's request for relief must be denied and the decision must be affirmed.

    An appropriate order follows.

---

work" in his RFC finding is harmless.  See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case).

 [3] In his reply brief, Wright also claims that the ALJ violated SSR 96-8p by failing to document his function by function assessment of Wright's ability to perform work-related activities before announcing his RFC assessment.  While a written function by function analysis in the decision is desirable, it is not required.  Long v. Astrue, 10-2828, 2011 WL 721518, at *2 (E.D. Pa. Feb. 23, 2011) (citing Bencivengo v. Comm'r, 251 F.3d 153 (Table), 00-1995 slip op. at 4 (3d. Cir. Dec. 19, 2000)).  After reviewing the evidence and the decision of the ALJ, I conclude that the ALJ adequately supported his RFC determination.  (Tr. 21-23).

 [4] SSR 83-12 applies when the claimant's RFC does not coincide with any of the defined exertional ranges of work.  Wright claims that if the ALJ had concluded that he could only perform light work with severely limited standing and sitting, the RFC would no longer coincide with either the definition of light work or sedentary work, thus, making the application of SSR 83-12 necessary.